UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-128 (WMW/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAY RECO MCNEARY, )<br>)<br>Defendant. ) | **GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRE-TRIAL MOTIONS** |

Comes now the United States, by and through its attorneys, W. Anders Folk, Acting United States Attorney for the District of Minnesota, and David P. Steinkamp, Assistant United States Attorney, and hereby submits the following response to the Defendant's pre-trial motions.

**1.     Motion for Discovery Pursuant to Rule 16. (Docket 25).**

The government will provide to the Defendant the items he requests in his motion by the date of the motions hearing. The government requests the motion be denied as moot.

**2.     Motion for Pretrial Disclosure of 404(b) Evidence. (Document 26).**

Defendant has moved for disclosure of any Rule 404 evidence within 14 days of the trial date. The government does not disagree and requests the motion be denied as moot.

**3.     Motion for Disclosure of *Brady* and *Giglio* Material.  (Document 27).**

The government is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83; 83 S. Ct. 1194 (1963), and *United States v. Giglio*, 405 U.S. 150 (1972), and it will continue to comply with those obligations. Some of Defendant's motions for all potentially favorable evidence are over broad, and to the extent they seek materials which are not required to be

disclosed under *Brady* and its progeny, the government opposes the motions. Some of the requests seek material for which discovery is not authorized, such as reports of interviews of witnesses, and in some instances is prohibited by the rules and statutes.

To the extent evidence exists which is both favorable to a Defendant and material to either guilt or punishment, the evidence will be disclosed to the Defendant.

Further, in regard to impeaching material required to be disclosed by *United States v. Giglio*, 405 U.S. 150 (1972), the government agrees to provide it to the Defendant, five days before trial, a copy of the criminal records, if any, of its witnesses, if the Defendant agrees to reciprocate. The government also agrees to provide the Defendant in advance of trial promises or agreements between the government and its witnesses, if any.

The government declines to provide any such material with respect to persons who will not be called as witnesses since such a request is beyond the scope of *Brady* and the rules of discovery. To the extent the Defendants' requests comport with the provisions of Fed. R. Crim. P. 12, 16 and 26.2 and the provisions of *Brady* and *Giglio*, the government does not oppose the motion.

**4.     Motion for Early Disclosure of Jencks Act Material. (Document 28).**

With respect to the statements of witnesses who testify, including grand jury testimony, these will be produced pursuant to the provisions of the Jencks Act. *See United States v. Presser*, 844 F.2d 1275, 1283-85 (6th Cir. 1988); *United States v. Eisenberg*, 469 F.2d 156, 160 (8th Cir. 1972), *cert. denied*, 410 U.S. 992 (1973).

The Defendant seeks an order requiring the government to provide early disclosure of Jencks Act material 14 days prior to commencement of the trial. The government opposes

the Defendant's motion since no authority exists for his position.  The motion should be denied.

However, the government is willing to compromise.  The government agrees to provide to the Defendant, five days prior to trial: the statements of witnesses who the government expects will testify at trial; impeaching material required to be disclosed by *United States v. Giglio*, 405 U.S. 150 (1972); the criminal records, if any, of its witnesses; and trial promises or agreements between the government and its witnesses, but only if the Defendant agrees to reciprocate.

**5.     Motion to Provide Expert Summary (Document 29).**

At this time, the government has not determined whether it will call any expert witnesses at trial.  The government agrees to provide expert disclosure under Rule 16 within 30 days of the trial date, or when obtained, whichever is earlier.

**6.     Motion to Retain Rough Notes. (Document 30).**

The government does not oppose Defendant's motions to retain rough notes and requests this motion be denied as moot.

Dated:  October 7, 2021                    Respectfully Submitted,

                                           W. ANDERS FOLK
                                           Acting United States Attorney

                                           *s/ David P. Steinkamp*

                                           BY:  DAVID P. STEINKAMP
                                           Assistant U.S. Attorney