UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

        Plaintiff,                  Court File No.  21-cr-128 (WMW/LIB)

v.                                          **ORDER**

Ray Reco McNeary,

        Defendant.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636, and upon having granted the Government's Motion for Competency Evaluation pursuant to 18 U.S.C. § 4241. [Docket Nos. 33, 35].

Following that evaluation, a Bureau of Prisons ("BOP") licensed psychologist determined that Defendant is not competent to proceed in this matter. [Docket No. 38].  On March 23, 2022, the Court held a competency hearing pursuant to § 4241(c).  (Minutes, Docket No. 41]).  Neither the Government nor Defendant objected to the report, or to a finding that Defendant is not competent as contemplated by § 4241(d).

Following review of the evaluation prepared by the BOP, and based on the complete record before the Court, the Court found that Defendant is not competent to proceed at this time because he is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The Court therefore ordered him committed to the custody of the Attorney General pursuant to § 4241(d) for treatment and further evaluation so that he might be restored to competence.

This Order captures the Court's findings and rationale as follows:

I.      **Procedural Background**

On September 21, 2021, Defendant, through his counsel, filed notice of his intent to assert a defense of insanity to the underlying charges in this matter pursuant to Fed. R. Crim. P. 12.2, but did not specifically request a competency evaluation. [Docket No. 31]. On October 7, 2021, the Government filed its "Response to Defendant's Rule 12.2 Notice of Insanity Defense and Motion for Competency Evaluation." [Docket No. 33]. The Government's filing indicated that it had conferred with Defendant's counsel, and the parties had agreed that Defendant should undergo "a psychiatric or psychological examination to determine the mental competency to stand trial under 18 U.S.C. § 4241 and the existence of insanity at the time of the offense under 18 U.S.C. § 4242." (Id. at p. 1). The parties jointly requested that the Court order such an evaluation of Defendant. (Id. at pp. 1-2).

On October 13, 2021, the Court found that there was reasonable cause to believe that Defendant "may presently be suffering from a mental disease or defect which renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," and issued an order pursuant to § 4241 committing Defendant to the custody of the Attorney General for a competency evaluation under 18 U.S.C. § 4247(b).[1] [Docket No. 35].

On November 18, 2021, Defendant was taken to the Federal Medical Center ("FMC") in Fort Worth, Texas for an evaluation. [Docket No. 38, at pp. 2, 7]. On February 7, 2022, FMC-Fort Worth Psychologist Dr. Lacie Biber completed a psychological evaluation of Defendant, and her report was filed with the Court on February 11, 2022. [Docket No. 38].

---

[1] The Court also ordered Defendant to undergo a psychiatric or psychological examination regarding his insanity defense pursuant to 18 U.S.C. § 4242. (Id. at p. 4). However, Dr. Biber's report only addresses Defendant's competency to stand trial; instead recommending that the "mental state at the time of the alleged offense be readdressed in the future after competency matters have been resolved." [Docket No. 38, at p. 1].

Throughout the evaluation period, Dr. Biber interviewed and assessed Defendant multiple times. (Id. at p. 3).  As part of the evaluation, Defendant underwent a routine physical examination and medical history. (Id. at p. 7).  Dr. Biber also reviewed various records and documents, including documents previously filed in this case, as well as, recorded phone calls and BOP medical and psychological records. (Id. at pp. 2-3, 7).  Finally, Dr. Biber also contacted counsel for Defendant and the Government and attempted to interview Defendant's mother, but she declined to provide any information. (Id. at p. 3).

Dr. Biber reported that Defendant demonstrated "an aware[ness] of the nature of his charges and . . . factual information related to court proceedings," but his delusional persecutory beliefs about law enforcement appeared to interfere with his ability to separate these beliefs from the allegations against him. [Docket 38, at p. 14].  Dr. Biber concluded that, in her opinion, Defendant "has a mental illness, Delusional Disorder, Persecutory Type, which appears to impact his rational understanding of the proceedings against him, as well as impact his ability to assist properly in his defense," and that, therefore, Defendant is not competent to proceed at this time. (Id. at pp. 14-15).

Upon receipt of Dr. Biber's report, the Court set a competency hearing for March 23, 2022. At the hearing, the Court admitted Dr. Biber's report, and no other evidence was submitted. Neither the Government nor Defendant objected to the report, or to a finding that Defendant is not competent as contemplated by § 4241(d).

**II.     Discussion**

"A criminal defendant may not be tried unless he is competent." Godinez v. Moran, 509 U.S. 389, 396 (1993) (citing Pate v. Robinson, 383 U.S. 375, 378 (1966)).  According to § 4241(a),

3

"[a]t any time after the commencement of a prosecution for an offense and prior to sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant" and a court shall grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

The Court may require the defendant to undergo a psychiatric or psychological evaluation and require that the report for same be filed with the court prior to the competency hearing. Id. § 4241(b). Pursuant to 18 U.S.C. § 4241(c), the competency hearing must be conducted in accordance with 18 U.S.C. § 4247(d), which provides that the defendant "shall be represented by counsel[,]" and "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing."

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d). In making the factual finding of incompetency, "the district court may consider various factors, including expert medical opinions and its own observations of the defendant during the proceedings." United States v. Ghane, 593 F.3d 775, 779 (8th Cir. 2010). "There are two elements to a competency finding: (1) whether the defendant has a rational as well as factual understanding of the proceedings against him, and (2) whether the defendant is able to consult with his lawyer within a reasonable degree of rational understanding." Id. at 780

(quotation omitted).

The Court has carefully reviewed Dr. Biber's unrebutted report. Dr. Biber opined that Defendant is aware of the nature of his charges and appears to have a good understanding of the legal system, including the roles of members of the Court and the plea options. [Docket 38, at p. 14]. However, Dr. Biber reported that Defendant grew increasingly agitated, suspicious, and paranoid when questioned about the events leading up to his offense, believing that law enforcement is conspiring with known acquaintances to harass him, steal his money, and steal his identity. (Id.). Dr. Biber opined that these current active delusional beliefs and lack of flexibility in strategy interfere with his ability to discuss outcomes and plan for an effective defense with his counsel. (Id.). Dr. Biber also opined that Defendant's delusional beliefs interfere with his ability to aid and assist his counsel because he appears unwilling to accept his counsel's advice and expressed a concern that he is being lied to by counsel. (Id. at p. 15). Dr. Biber opined that, as a result, Defendant is not competent to stand trial at this time, but his "[p]rognosis is likely to improve with participation in treatment." (Id.). The Court finds that Dr. Biber's report is detailed, thorough, and applies the correct legal standard to arrive at a well-supported conclusion, and neither side has offered any contrary evidence or argument to support a different conclusion.

Therefore, in considering the unrebutted report from Dr. Biber, the Government's filings and Defendant's counsel's observations, the Court finds by a preponderance of the evidence that Defendant is, at this time, suffering from a mental disease or defect that renders him mentally incompetent under § 4241(d) in that his current active delusional beliefs render him unable to rationally discuss his expected legal outcome and plan and unable to prepare for

his defense.

Having found Defendant not competent to proceed at this time, the statutory requirements are clear. The Court must commit Defendant to the custody of the Attorney General, who "shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d).

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Ray Reco McNeary is deemed presently not competent to proceed in this matter;

2. Defendant Ray Reco McNeary is committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), for such reasonable amount of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward;

3. The Attorney General shall designate the facility for Defendant Ray Reco McNeary's hospitalization, treatment, and examination;

4. The Court will hold a hearing once the needed evaluations are complete to determine whether Defendant's mental condition has so improved as to permit the proceedings to go forward, and if not, whether there is a substantial probability that in the foreseeable future he will attain the capacity to proceed; and

5. The time period from the original order for a competency evaluation through the final

decision on Defendant's competency is excludable time under 18 U.S.C. § 3161(h)(1)(A).

Dated: March 25, 2022                                               s/Leo I. Brisbois
                                                                    Hon. Leo I. Brisbois
                                                                    U.S. Magistrate Judge