UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-128 (JMB/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION |
| v. | |
| RAY RECO MCNEARY, | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and David P. Steinkamp, Assistant United States Attorney, hereby submits its Response to Defendant's Objections to the Report and Recommendation of Magistrate Judge Leo I. Brisbois.

Defendant has objected to the findings in the Report and Recommendation (hereafter "R and R"), specially the finding that his post-arrest statements to law enforcement were voluntary, and therefore admissible at trial. The government urges the Court to adopt the R and R in its entirety.

The law controlling the voluntariness analysis is clear. Due process requires that incriminating statements or confessions be voluntary. See *Schneckloth v. Bustamonte*, 412 U.S. 218, 225–26 (1973) (a voluntary confession may be used against a suspect, but an involuntary one offends due process). The Government bears the burden of persuasion and must prove, by a preponderance of the evidence, that the challenged statements were voluntary. *Colorado v. Connelly*, 479 U.S. 157, 169 (1986); see also *United States v. Astello*, 241 F.3d 965, 966 (8th Cir. 2001).

The test for determining voluntariness is whether the pressures exerted on the suspect have overborne his will. *United States v. Meirovitz*, 918 F.2d 1376, 1379 (8th Cir.1990) (quoting *United States v. Jorgensen*, 871 F.2d 725, 729 (8th Cir.1989)). A statement is voluntary if it is "the product of an essentially free and unconstrained choice by its maker." *Schneckloth*, 412 U.S. at 225. "A statement is involuntary when it [is] extracted by threats, violence or express or implied promises sufficient to overbear the [suspect's] will and critically impair his capacity for self-determination." *United States v. LeBrun*, 363 F.3d 715, 724 (8th Cir. 2004).

A reviewing court should look to the totality of the circumstances to determine whether a statement was made voluntarily. *Id.*; see also *Wilson v. Lawrence County*, 260 F.3d 946, 952 (8th Cir. 2001). When doing so, the Court examines "the conduct of the officer and the characteristics of the accused." *LeBrun*, 363 F.3d at 724. Factors that the Court may weigh in determining whether a statement is voluntary include the defendant's subjective understanding of his *Miranda* rights, *Simmons*, 235 F.3d at 1133–34, the prolonged nature of the questioning, *LeBrun*, 363 F.3d at 726, the defendant's prior contact with law enforcement, *Gallardo–Marquez*, 253 F.3d at 1124, the defendant's age, his education level, or his low intelligence, *Id.*, and the use of physical punishment such as deprivation of food or sleep, *Hall v. Wolff*, 539 F.2d 1146, 1150–51 (8th Cir.1976). A statement cannot be rendered involuntary by the incapacity of the suspect alone; there must be some coercive police activity. *Connelly*, 479 U.S. at 164.

Here admittedly, the Defendant did not receive the *Miranda* warning.  However, he did not he request counsel, and did not assert his right to remain silent.  The *Miranda*

warning was not given because the Defendant was not interrogated by officers regarding matters related to the crime for which he was arrested. To the contrary, the record shows that it was the Defendant who volunteered statements, asked questions and dominated the encounter.

Other factors show he was not coerced. Despite his mental health issues, he did not appear to be mentally compromised during the encounter and responded cogently and appropriately to the situation in which he found himself. He was detained in an ordinary interview room. The officers did not hold him for a lengthy period of time. There was only one or two officers with him at any one time. He was not handcuffed. He moved freely during the encounter, even laying down at one point. In short, there was no coercive environment or police action throughout the encounter. The record clearly establishes that the Defendant's will was not overborne.

The Defendant's arguments in support of his motion to suppress statements were reasonably and correctly rejected by the Magistrate Judge in his well-reasoned and thorough Order. The government urges the Court to overrule the Defendant's objections and adopt the R and R in its entirety.

Date: January 16, 2024

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/David P. Steinkamp*
BY:  DAVID P. STEINKAMP
Assistant U.S. Attorney