UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 21-CR-128 (JMB/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Ray Reco McNeary, | |
| Defendant. | |

---

Defendant Ray Reco McNeary is charged with the armed robbery of a Wells Fargo Bank in St. Cloud, Minnesota. (Doc. Nos. 1-1; 10.) After his arrest, McNeary made various statements to law enforcement officers, which were recorded. (Doc. No. 67; Gov't Ex. 1.) McNeary moved to suppress these statements. (Doc. No. 62.) In a Report and Recommendation ("R&R"), Magistrate Judge Leo I. Brisbois recommended that the Court deny McNeary's motion. (Doc. No. 70 at 19.)

McNeary filed objections to the R&R, contesting the Magistrate Judge's determination that the statements were made voluntarily. The R&R contains a thorough summary of the factual background and McNeary makes no challenge to the accuracy of that account. Accordingly, the relevant facts are incorporated into the analysis below and the Court reviews the R&R de novo. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Based on this review, the Court adopts the R&R and concludes that McNeary voluntarily made the statements at issue.

As a threshold matter, the parties divide the recording into two parts: (1) the first twenty-three minutes and twenty-three seconds; and (2) the remainder of the recording. At the hearing, the parties agreed that McNeary was in custody and that law enforcement officers failed to provide him with any advisory as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). The parties informed the Magistrate Judge that the Government agreed that in its case-in-chief, it would only seek to admit the statements that McNeary made prior to the 23:23 minute mark on the recording. (Doc. No. 70 at 2–3, 19 at n.8.) The Government noted its intent to seek admission of the statements made after the 23:23 minute mark only for impeachment purposes.

The only dispute concerning the first portion of the recording was the voluntariness of the statements.[1] Likewise, the parties only contest the statements made after the 23:23 minute mark on the basis of voluntariness. *See Meis v. Wyoming Dep't of Corr.*, 9 F.3d

---

[1] The Court acknowledges that *Miranda* warnings must be given only when a suspect is both in custody and subject to interrogation. *Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980) (defining "interrogation" as "express questioning or its functional equivalent"); *United States v. Zephier*, 989 F.3d 629, 633 (8th Cir. 2021) (concluding that questions concerning allergies and prescription medication were not the functional equivalent of interrogation); *United States v. Tail*, 459 F.3d 854, 858 (8th Cir. 2006) ("Polite conversation is not the functional equivalent of interrogation."); *United States v. Miller*, No. 19-cr-64 (MJD/ECW), 2020 WL 4060754, at *7 (D. Minn. May 19, 2020) ("[S]tatements of fact as to what has occurred on the scene of a criminal investigation are not the functional equivalent of express questioning."). The Court need not analyze whether the statements made before the 23:23 minute mark were made subject to interrogation. The parties did not dispute this aspect of *Miranda*, the Magistrate Judge determined that the sole issue was the voluntariness of the statements, and McNeary does not make any clear objection or argument that the statements made before the 23:23 minute mark were made as part of an interrogation. The Court also need not address whether statements made after the 23:23 minute mark violated *Miranda* because the Government has, in effect, conceded this and will only seek admission of these statements for impeachment purposes.

695, 697 (8th Cir. 1993) ("A statement by a defendant in circumstances violating the strictures of *Miranda v. Arizona* is admissible for impeachment purposes if the statement was made voluntarily." (citing *Mincey v. Arizona*, 437 U.S. 385, 397–98 (1978))); *see also Harris v. New York*, 401 U.S. 222, 225–26 (1971) (explaining that a statement obtained violation of *Miranda* can be used for impeachment). Therefore, the Court only considers the narrow issue of voluntariness.

To determine whether a statement is voluntary, courts must consider "if the totality of the circumstances shows the defendant's will was overborne." *United States v. Jimenez*, 478 F.3d 929, 932–33 (8th Cir. 2007) (citation omitted); *see also United States v. Mattox*, 27 F.4th 668, 675 (8th Cir. 2022) ("We determine if a defendant's will has been overborne by examining the totality of the circumstances, including both the conduct of law enforcement in exerting pressure to confess on the defendant and the defendant's ability to resist that pressure.") (quoting *United States v. Brave Heart*, 397 F.3d 1035, 1040 (8th Cir. 2005). Law enforcement officers may not "extract[]" a statement "by threats, violence, or direct or implied promises, such that the defendant's . . . capacity for self-determination [is] critically impaired." *United States v. Sanchez*, 614 F.3d 876, 883 (8th Cir. 2010) (citation omitted). Relevant factors bearing on the voluntariness of a statement include "the degree of police coercion, the length of the interrogation, its location, its continuity, and the defendant's maturity, education, physical condition, and mental condition." *Id.* (citation omitted).[2]

---

[2] Although portions of McNeary's brief objecting to the R&R appear to suggest that the failure to provide a *Miranda* warning is an indication of involuntariness, McNeary does

McNeary's statements were voluntary. The statements at issue took place during a relatively short one-hour-and-fifteen-minute encounter. (Doc. No. 70 at 17.) The length of this encounter does not indicate coercion. *See United States v. Makes Room*, 49 F.3d 410, 413, 415 (8th Cir. 1995) (stating that the length of a two-and-a-half-hour interview did not suggest involuntariness). Moreover, the atmosphere was not coercive because although the interview room was not a large room, there were never more than two officers in the room with McNeary, and the door to the room remained open at all times. (*See* Gov't Ex. 1.) Further, throughout the entirety of the encounter, the officers maintained a calm tone of voice and did not threaten or physically intimidate McNeary. (*Id.*) These circumstances do not suggest McNeary's will was overborne. *See United States v. Magallon*, 984 F.3d 1263, 1284–85 (8th Cir. 2021) (noting that under the totality of circumstances, defendant's statements were voluntary because defendant indicated knowledge of rights and willingness to answer questions, and agent neither threatened defendant nor raised voice). Finally, although McNeary argues that his mental state at the time of the statements rendered his statements involuntary, without the presence of some coercive conduct, the statements are not rendered involuntary. *See United States v. Ferguson*, 970 F.3d 895, 902 (8th Cir. 2020) (noting that defendant's statements voluntary despite low cognitive ability because no police coercion and defendant sufficiently understood rights); *see also United States v. Ricker*, 983 F.3d 987, 993 (8th Cir. 2020)

---

not cite to any case holding that a *Miranda* defect renders a statement involuntary, and the Court must instead apply the well-established factors used to determine coercion.

(noting that defendant's confession voluntary despite defendant "being on the autism spectrum and English being their second language," based on totality of circumstances).

Under the totality of the circumstances, the facts in this case indicate that neither the conduct of the law enforcement officers nor the other circumstances of McNeary's statements could have critically overborne McNeary's will. Accordingly, the Court concludes that McNeary's statements were voluntary and adopts the recommendation of the Magistrate Judge to deny McNeary's Motion to Suppress.

## ORDER

Therefore, based on all the files, records, and proceedings in the above-captioned matter, IT IS ORDERED THAT:

1. Defendant Ray Reco McNeary's Objection to the Report and Recommendation (Doc. No. 73) is OVERRULED;

2. The Report and Recommendation (Doc. No. 70) is ADOPTED; and

3. Defendant's Motion to Suppress Statements (Doc. No. 62) is DENIED.

Dated: February 15, 2024                     /s/Jeffrey M. Bryan
                                             Judge Jeffrey M. Bryan
                                             United States District Court